IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **TERESA M. BAKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 7:25CV00375 |
| | ) |
| **ADAMS CONSTRUCTION COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S**

**MOTION TO DISMISS**

Plaintiff Teresa M. Baker, pro se, respectfully submits this Memorandum in Opposition to Defendant Adams Construction Company's ("ACC") Motion to Dismiss (ECF No. 65).

**I. PRELIMINARY STATEMENT: PROCEDURAL CLARIFICATION**

Defendant's Motion seeks dismissal of counts from Plaintiff's *Amended Complaint*. However, pursuant to this Court's Order (ECF No. 63) dated January 7, 2026, Plaintiff's *Second Amended Complaint* (ECF No. 64) is the operative pleading. Under Federal Rule of Civil Procedure 15, an amended complaint supersedes prior versions, rendering them moot.

Should the Court consider Defendant's motion applicable to the Second Amended Complaint for judicial economy, Plaintiff respectfully submits the following substantive response.

**II. ARGUMENT**

**A. Counts XIV, XV, and XVII – Respondeat Superior and Punitive Damages**

Defendant argues that Respondeat Superior (Count XIV) and Punitive Damages (Counts XV and XVII) are not standalone causes of action. Plaintiff, proceeding pro se, included these counts to ensure Defendant received clear notice of damages sought.

If the Court finds these counts mislabeled, Plaintiff requests leave to amend the Second Amended Complaint to incorporate Respondeat Superior and Punitive Damages into the general liability sections and the Prayer for Relief rather than dismissing with prejudice.

**B. Count X – Negligent Supervision Facts Are Essential and Should Be Folded into Negligent Hiring/Retention**

Plaintiff acknowledges that "Negligent Supervision" is not recognized as a separate tort under Virginia law. However, the facts alleged in Count X—particularly ACC's failure to monitor 12 Registered Sex Offenders on job sites—are central to Plaintiff's claims.

Plaintiff moves the Court for leave to consolidate Count X into Counts VIII (Negligent Retention) and IX (Negligent Hiring). The failure to supervise high-risk employees directly supports the argument that ACC negligently retained William Carter in a position of authority, enabling him to isolate and assault Plaintiff.

**C. Count XII – Constructive Discharge**

Plaintiff recognizes the high evidentiary bar for constructive discharge under Virginia law. To avoid confusion and focus the case on claims supported by her factual record, Plaintiff voluntarily narrows Count XII and requests dismissal of this count without prejudice. Plaintiff continues to pursue damages for lost wages, loss of earning capacity, and career retraining under

her Retaliation and Sex Discrimination claims, which better reflect the involuntary disruption to her work.

### III. CONCLUSION

Dismissing these counts with prejudice would unfairly penalize a pro se litigant for technical labeling while leaving the substantive facts unaddressed.

**WHEREFORE, Plaintiff respectfully requests that the Court:**

1. Deny Defendant's Motion to Dismiss as moot; or

2. Grant Plaintiff leave to consolidate Count X into Counts VIII and IX; and

3. Grant leave to move Respondeat Superior and Punitive Damages into the general liability sections and Prayer for Relief.

Dated: January 26, 2026

Respectfully Submitted,

/s/ Teresa M. Baker

**Teresa M. Baker, Plaintiff Pro Se**

116 8 ½ Street SE

Roanoke, VA 24013

Lkg4btrlife@gmail.com | 540-475-0049

## CERTIFICATE OF SERVICE

I certify that on January 26, 2026, a true and accurate copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties.

/s/ Teresa M. Baker

**Teresa M. Baker, Plaintiff Pro Se**

116 8 ½ Street SE

Roanoke, VA 24013

Lkg4btrlife@gmail.com | 540-475-0049